Patterson v Beth Abraham Nursing Home (2022 NY Slip Op 05799)

Patterson v Beth Abraham Nursing Home

2022 NY Slip Op 05799

Decided on October 18, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 18, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Oing, Kennedy, Mendez, JJ. 

Index No. 303495/16E Appeal No. 16464 Case No. 2022-00190 

[*1]Hermine A. Patterson, Plaintiff-Respondent,
v
Beth Abraham Nursing Home, Defendant-Appellant. 

Vaslas Lepowsky Hauss & Danke LLP, Staten Island (Edward F. Humphries of counsel), for appellant.
Law Office of Roger M. Newyear, Bronx (Roger M. Newyear of counsel), for respondent.

Order, Supreme Court, Bronx County (Wilma Guzman, J,), entered July 15, 2021, which denied defendant's motion to disqualify plaintiff's counsel, unanimously affirmed, with costs.
Plaintiff's father (the decedent) commenced this negligence action against defendant in 2016, seeking to recover damages for personal injuries he allegedly sustained while he was living at defendant's nursing facility. Roger M. Newyear, Esq., plaintiff's brother and the decedent's son, represented the decedent in the litigation, and was also his health care proxy. When the decedent died in 2019, Newyear continued as counsel, representing plaintiff, the administratrix of the decedent's estate. Defendant now seeks to disqualify Newyear, asserting that rules 3.7(a) and 4.2(a) of the Rules of Professional Conduct (22 NYCRR 1200.0) prevent him from acting as counsel.
Defendant did not sustain its burden of demonstrating that rule 3.7(a) of the Rules of Professional Conduct (22 NYCRR 1200.0) required Newyear's disqualification as counsel to plaintiff (see Dishi v Federal Ins. Co., 112 AD3d 484, 484 [1st Dept 2013]; Horns, Inc. v Geller Marzano & Co. CPA's, P.C., 40 AD3d 503, 503 [1st Dept 2007]). Plaintiff represents that she is not likely to call Newyear as a witness on her behalf on any significant issue in the case, as he does not have any relevant, material knowledge or information regarding the allegations of the complaint (see S & S Hotel Ventures Ltd. Partnership v 777 S H Corp., 69 NY2d 437, 443-444 [1987]). Moreover, Newyear's testimony is not necessary, as many of the relevant facts concerning the decedent's care and treatment at defendant's facility are contained in the medical records prepared by defendant's staff, and they are able to testify to the relevant events surrounding the decedent's alleged injuries (see Dishi, 112 AD3d at 484; Sokolow, Dunaud, Mercadier & Carreras v Lacher, 299 AD2d 64, 74-75 [1st Dept 2002]).
Likewise, defendant failed to show that Newyear violated rule 4.2(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as his communications with defendants' staff had nothing to do with this action. The notes in the medical records contain no reference to the incidents underlying the action; rather, they relate exclusively to the staff's discussions with Newyear, who was the decedent's health care proxy, about the decedent's medical condition and the care necessary to address that condition.
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 18, 2022